UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC | * | CASE NO. |
| | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| THE BOIL & ROUX KITCHEN LLC D/B/A | * | |
| BOIL & ROUX RESTAURANT & BAR, | * | |
| AYCE CATERING LLC, DONALD MITCHELL | * | |
| AND MAURICE WALKER | * | MAGISTRATE JUDGE: |

COMPLAINT

**To the Honorable judges and magistrate judges of the United States District Court for the Middle District of Louisiana:**

NOW INTO COURT, through undersigned counsel, comes G&G Closed Circuit Events, LLC (G&G) a California limited liability company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014 and files its complaint for the following reasons:

**Venue**

1.

Venue is proper in the Middle District of Louisiana because all of the defendants' actions and omissions occurred at the commercial establishment of The Boil & Roux Kitchen LLC d/b/a Boil & Roux Restaurant & Bar (Boil & Roux) located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816. The domicile address of Boil & Roux is 11777 Coursey Boulevard, Baton Rouge, Louisiana 70809. Furthermore, defendants, Ayce Catering LLC and Maurice Walker are also domiciled in East Baton Rouge Parish, Louisiana. The other defendant, Donald

Page 1

Mitchell, is domiciled in Livingston Parish, Louisiana; hence venue is proper in the Middle District of Louisiana because all of their actions and omissions occurred at the commercial establishment of Boil & Roux, which is located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816 and East Baton Rouge Parish and Livingston Parish are located in the geographical territory of the Middle District of Louisiana.

**Jurisdiction**

2.

G&G asserts that jurisdiction of the Court is based upon:

(A)  28 U.S.C. section 1331 because the action presents a question or questions of federal law arising under the Constitution of the United States and other laws of the United States as follows:

   (i)   The Communications Act of 1934, as amended, Title 47 U.S.C. 605, et seq. ;

   (ii)  The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. section 553, et seq. , which specifically provides that a civil action may be brought in a United States District Court; See 553 (c)(1); and,

   (iii) Title 18 sections 2511 (1) (a), (5) and 2520 (a).

(B)  Complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs as provided in 28 U.S.C. section 1332.

As discussed in detail below, the defendants committed certain acts and omissions that

violated G&G's rights as the exclusive commercial domestic distributor of the televised fight/boxing Program described below. Those acts and omissions consisted of interception, reception, publication, divulgence, display and exhibition of G&G's property within the control of G&G in the State of Louisiana, but without its permission and/or authorization. Also, upon information and belief, the defendants may have purchased a "residential" viewing of the Program and then moved "residential" electronic equipment to Boil & Roux's commercial premises and showed the Program to its customers as more fully discussed below. However, this has not been confirmed and G&G lists below the other possible methods the defendants may have used to unlawfully obtain G&G's Program.

3.

**Defendants**

The following persons are the defendants in this complaint:

(i) **The Boil & Roux Kitchen LLC d/b/a Boil & Roux Restaurant & Bar (Boil & Roux)**, a Louisiana limited liability company having a domicile address and principle place of business located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70809

(ii) **Donald Mitchell (Mitchell)**, a major resident of and domiciled at 26312 Avoyelles Avenue, Denham Springs, Livingston Parish, Louisiana 70726;

(iii) **Ayce Catering LLC (Ayce),** a Louisiana limited liability company having a domicile address and principle place of business located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816; and,

(iv)    **Maurice Walker (Walker)**, a major resident of and domiciled at 4944 South Sherwood Forest Boulevard, #220, Baton Rouge, Louisiana 70816.

4.

G&G is informed, believes and alleges that for all times pertinent to the facts of this complaint Boil & Roux owned, operated, licensed, permitted, had dominion over, controlled, and oversaw the commercial establishment doing business as Boil & Roux Restaurant & Bar located at the commercial address of 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816 as evidenced by official records of the Secretary of State for the State of Louisiana, the Louisiana Office of Alcohol and Tobacco Control and the private investigator's affidavit.

5.

Upon information and belief, Boil & Roux possessed and possesses a Class A General Beer and Liquor License, a Class A General Condition Restaurant and Class A Restaurant Beer and Liquor license for and on the premises of Boil & Roux located at the commercial address of 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816.

6.

Upon information and belief, Boil & Roux is the owner of the commercial premises located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816.

7.

G&G is the exclusive distributor of closed circuit pay-per view boxing and special events in the United States as described below.  Pay-per view means that in order for a customer to view the closed circuit event, it/he/she must pay a  fee to  G&G, which is/was set and/or established by G&G.

8.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21), Boil & Roux had the right and ability to supervise the business on Boil & Roux's commercial premises.

9.

Upon information and belief, G&G alleges the following acts accomplished by Boil & Roux, Mitchell, Ayce and Walker occurred on a daily basis or as needed concerning Boil & Roux's commercial establishment located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816:

(a)  reconciling all bank accounts for Boil & Roux;

(b)  reviewing inventory of alcoholic beverages, tobacco and vending machine products sales on a dailly basis;

(c)  reviewing the condition and fitness of all equipment on the premises;

(d)  collecting all money earned;

(e)  paying all accounts payables;

(f)  collecting all accounts receivables;

(g)  cleaning and maintaining the furniture and fixtures;

(h)  attending to any issues concerning televisions;

(i)  reviewing all upcoming televised sporting events including, boxing, prize fights, martial arts other sports and similar television programming;

(j)  meeting with employees to ensure that all of the items listed in (a) through and

including (i) were accomplished on behalf of Boil & Roux.

10.

The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to G&G's lawful sub-licensees.

11.

Upon information and belief, G&G alleges that Boil & Roux, Mitchell, Ayce and Walker carried out the actions of Boil & Roux and took steps to unlawfully receive G&G's television signal, which transmitted the Program described in paragraph 21 below. Those steps taken by Boil & Roux, Mitchell, Ayce and Walker on behalf of Boil & Roux probably consisted of one of the following to direct G&G's television signal by cable transmission or satellite transmission to Boil & Roux's commercial establishment located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816:

(a) the use of a "blackbox", "hotbox", or "pancake box" which is purchased for a fee and when installed on a cable TV line will allow for the descrambled reception of a pay-per-view broadcast; or

(b) the use of a "smartcard" or "text card" or "programming card" which is purchased for a fee and when installed on a DSS satellite receiver line will allow for the descrambled reception of a pay-per-view broadcast, or

(c) the purposeful misrepresentation of a commercial establishment as a residential property to allow the fraudulent purchase of a pay-per-view (or prohibited) programming at the residential rate, or, notwithstanding the existence of a commercial account, the purchase of the particular Program by a commercial

    establishment at a residential rate in violation of the terms of service of the business account provider; or

 (d) the access of programming via websites or other internet based services that are unauthorized to broadcast or distribute the programming at all or, at a minimum, unauthorized to broadcast or distribute said programming in commercial establishments; or

 (e) the access of programming via foreign satellite broadcasters unauthorized to broadcast programming in the United States (e.g. satellite broadcasters located in Mexico but within satellite range of establishments in the southern United States); or

 (f) the use of illegal cable drop or splice from an apartment or home adjacent to the commercial establishment premises: (which would purchase the broadcast at a residential price and divert the Program to the commercial establishment), and/or

 (g) the purchase of other illegal unencryption devices, and the purchase of illegal satellite authorization codes which are readily available on the internet, in trade publications, and through "word of mouth".

Also, Boil & Roux, Mitchell, Ayce and Walker sold alcoholic beverages and food on the commercial premises located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816 on the night of the Program. Additionally, on the night of G&G's Program, there were six (6) televisions turned on and tuned in to the Program on the premises located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816. Also, Boil & Roux assessed a $20.00 cover charge to all customers entering the premises. Furthermore, the consolidated metropolitan area of Baton

Rouge, Louisiana has a population of approximately 450,000.

12.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21) Boil & Roux, Mitchell, Ayce and Walker specifically supervised the activity of unlawfully intercepting G&G's Program and, among other responsibilities, had the obligation to ensure that the license to sell alcoholic beverages and food on the premises of Boil & Roux was not in violation of law.

13.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21), Boil & Roux, Mitchell, Ayce and Walker specifically and wilfully directed the employees of Boil & Roux to unlawfully intercept and broadcast G&G's Program on Boil & Roux's commercial premises. Furthermore, the actions of Boil & Roux's employees were/are directly imputable to Boil & Roux, Mitchell, Ayce and Walker by virtue of their acquiescence, knowledge and acknowledgment that the unlawful interception and broadcast of G&G's Program on Boil & Roux's commercial premises did occur.

14.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21), Boil & Roux had and possessed an obvious and direct financial interest and commercial advantage and private financial gain in the activities of Boil & Roux, which included the unlawful interception of G&G's Program on Boil & Roux's premises.

15.

G&G is informed, believes and alleges that the unlawful and willful interception and broadcast of G&G's Program by Boil & Roux resulted in a commercial advantage and private financial gain for Boil & Roux due to the increased profits obtained by Boil & Roux and/or the opportunity for increased profits.

16.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21), Mitchell, Ayce and Walker were empowered on behalf of Boil & Roux and had the right and ability to supervise the business and activities of Boil & Roux, which included the unlawful interception of G&G's Program.

17.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21), Mitchell, Ayce and Walker individually supervised the activity of unlawfully intercepting G&G's Program, and, among other responsibilities, had the obligation to ensure that the sale of alcoholic beverages and food upon Boil & Roux's premises was not in violation of law. The act of supervision included, but was not limited to, walking Boil & Roux's premises, turning the televisions off and on, tuning the televisions to certain channels including the channel carrying plaintiff's Program, manning the cash register, serving and selling alcoholic beverages and food and instructing employees to do certain work.

18.

G&G is informed, believes and alleges that on May 28, 2022 (the night of the Program, which is described below in paragraph 21), Mitchell, Ayce and Walker individually had and

possessed an obvious and direct financial interest and commercial advantage and private financial gain in the activities of Boil & Roux, which included the unlawful interception of G&G's Program.  Upon information and belief, as members and manager, Mitchell, Ayce and Walker received monetary compensation from Boil & Roux.

19.

G&G is informed, believes and alleges that the unlawful and willful interception and broadcast of G&G's Program by Boil & Roux resulted in a commercial advantage and private financial gain for Mitchell, Ayce and Walker due to the increased profits for Boil & Roux and/or the opportunity for increased profits, which directly affected Mitchell, Ayce and Walker's monetary compensation..

**COUNT I**

**(Violation of Title 47 U.S.C. Section 605 (a), (e) (3) (a) and (e) (4) and 18 U.S.C. section 2511 in conjunction with section 2520)**

20.

G&G incorporates by reference all of the allegations contained in paragraphs 1 through and including 19 as though reproduced here in full.

21.

Pursuant to a valid and enforceable contract, G&G was granted the exclusive nationwide commercial distribution and broadcast (closed-circuit) rights to Gervonta Davis v. Rolando Romero WBA World Lightweight Championship Fight Program which event occurred on May 28, 2022 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter and above referred to as the Program).

22.

Pursuant to the same valid and enforceable contract, G&G, entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Louisiana, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs and other similar businesses). The defendants, Boil & Roux, Mitchell, Ayce and Walker **were not granted** sub-licensing rights and/or any other right concerning the Program.

23.

As the exclusive commercial distributor and licensor of sporting events, including the Program, G&G expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, which are commercial entities in the entertainment industry.

24.

With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the defendants, Boil & Roux, Mitchell, Ayce and Walker either through direct action or through actions of employees or agents directly imputable to them (as outlined in paragraphs 1 through and including 23 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at the defendant, Boil & Roux's, commercial establishment, located at 11777 Coursey Boulevard, Baton Rouge, Louisiana 70816.

25.

The unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by Boil & Roux, Mitchell, Ayce and Walker were done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain. G&G stands ready to present eye-witness testimony and other evidence supporting all allegations made in this complaint.

26.

Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 prohibit the unauthorized publication or use of communications (such as the transmission of the Program for which G&G had the exclusive distribution rights).

27 .

By reason of the actions, omissions and conduct of Boil & Roux, Mitchell, Ayce and Walker described above, they violated Title 47 U.S.C. section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520.

28.

By reason of the actions, omissions and conduct of Boil & Roux, Mitchell, Ayce and Walker described above, which resulted in the violation of Title 47 U.S.C. section 605, et seq, and Title 18 U.S.C. sections 2511 and 2520, G&G has the private right of action pursuant to Title 47 U.S.C. sction 605 et seq and Title 18 U.S.C. sections 2511 and 2520.

29.

By reason of the actions, omissions and conduct of Boil & Roux, Mitchell, Ayce and Walker described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq,

and 18 U.S.C. sections 2511 and 2520, G&G is entitled to the following from Boil & Roux, Mitchell, Ayce and Walker:

(a)  Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605 (e)(3)(C)(ii), and also

(b)  Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

30.

G&G incorporates by reference all of the allegations contained in paragraphs 1 through and including 29 as though reproduced here in full.

31.

The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by Boil & Roux, Mitchell, Ayce and Walker were prohibited by Title 47 U.S.C. section 553, et seq.

32.

By reason of the actions, omissions and conduct of Boil & Roux, Mitchell, Ayce and Walker described above, they violated Title 47 U.S.C. Section 553, et seq.

33.

By reason of the actions, omissions and conduct of Boil & Roux, Mitchell, Ayce and Walker described above, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, G&G has the private right of action pursuant to Title 47 U.S.C. Section 553.

34.

By reason of the actions, omissions and conduct of Boil & Roux, Mitchell, Ayce and Walker described above, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, G&G is entitled to the following from Boil & Roux, Mitchell, Ayce and Walker:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B), and also

(c) Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553(c)(2)(C), and also

(d) in the discretion of this Honorable Court, reasonable attorney's fees, pursuant to Title 47 U.S.C. section 553 (c)(2)(c).

35.

Despite the existence of three separate and distinct federal laws (Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 and Title 47 U.S.C. Section 553, et seq), which were enacted at different times, some federal courts have held that a successful plaintiff may only receive damages under one of those laws but not all three. G&G asserts its claims under all of these federal laws, but if the Court should find that the violations stated above occurred under one or the other statutes cited or that G&G may only recover one set of damages, then to that extent, G&G's claims should be considered as alternative claims. G&G does not seek double or triple damages.

THEREFORE, G&G Closed Circuit Events, LLC (G&G) prays that defendants, **The Boil**

**& Roux Kitchen LLC d/b/a Boil & Roux Restaurant & Bar (Boil & Roux)**, **Donald Mitchell (Mitchell)**, **Ayce Catering LLC (Ayce)** and **Maurice Walker (Walker)** be served with a civil cover sheet, summons and copy of this complaint and required to answer it within the legal delays provided by the Federal Rules of Civil Procedure.

FURTHERMORE, G&G Closed Circuit Events, LLC (G&G) prays that defendants, **The Boil & Roux Kitchen LLC d/b/a Boil & Roux Restaurant & Bar (Boil & Roux)**, **Donald Mitchell (Mitchell)**, **Ayce Catering LLC (Ayce)** and **Maurice Walker (Walker)** be held in judgment for the following sums of money, subject to the jurisprudential rule that double or triple damages are not permitted:

**As to Count I (Violation of Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520,**

At G&G's election in accordance with 47 U.S.C. section 605(e) (3) (B) and (C) (ii),

(a) statutory damages in the amount of $110,000.00 against the defendants; and,

(b) reasonable attorney's fees as mandated by statute; and,

(c) all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d) such other and further relief as this Honorable Court may deem just and proper.

**As to Count II (Violation of Title 47 U.S.C. Section 553 (a) (1), (c)(1), (2), (B), (C), 3 (A), (B)**

(a) statutory damages in the amount of $60,000.00 against the

defendants; and,

(b) reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and,

(c) all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d) such other and further relief as this Honorable Court may deem just and proper.

>The Berthelot Law Firm, LLC
>1660 Thibodeaux Avenue
>Baton Rouge, Louisiana 70802
>(225) 454-0488—cell phone
>1-484-842-8566–facsimile
>ronniejberthelot@gmail.com
>By:/s/ Ronnie J. Berthelot
>Ronnie J. Berthelot
>LSBA bar roll no. 1012, T.A.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC | * | CASE NO. |
| | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| THE BOIL & ROUX KITCHEN LLC D/B/A | * | |
| BOIL & ROUX RESTAURANT & BAR, | * | |
| AYCE CATERING LLC, DONALD MITCHELL | * | |
| AND MAURICE WALKER | * | MAGISTRATE JUDGE: |

Certificate of Service

I certify that I mailed the foregoing "Complaint" to the following defendants—an attorney is unknown at this time–:

**The Boil & Roux Kitchen LLC d/b/a Boil & Roux Restaurant & Bar**
11777 Coursey Boulevard
 Baton Rouge, Louisiana 70809

**Donald Mitchell (Mitchell)**
26312 Avoyelles Avenue
Denham Springs, Louisiana 70726

**Ayce Catering LLC**
11777 Coursey Boulevard
Baton Rouge, Louisiana 70816

**Maurice Walker**
4944 South Sherwood Forest Boulevard, #220
Baton Rouge, Louisiana 70816

by placing a copy iin the United States Postal Service mail properly addressed and postage pre-paid on May ___, 2023.

                                                                                                      s/Ronnie J. Berthelot
                                                                                                        Ronnie J. Berthelot